# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11244
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

APRIL TORRES,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-244-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

April Torres pleaded guilty to conspiracy to possess with intent to distribute marijuana and was sentenced to 151 months of imprisonment followed by five years of supervised release. The district court revoked Torres's supervised release and sentenced her to 30 months of imprisonment, which was above the policy statement range of 6 to 12 months. Torres filed a timely notice of appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11244

Torres argues that her 30-month revocation sentence is substantively unreasonable because the district court failed to fully consider her history and characteristics and overemphasized the need for deterrence when balancing the sentencing factors. This court considers the substantive reasonableness of a revocation sentence under an abuse-of-discretion standard, "examining the totality of the circumstances." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

The record reflects that the district court considered the policy statement range from Chapter 7 of the Sentencing Guidelines and ultimately determined that a 30-month sentence was necessary to protect the public and to deter further criminal activity—factors that were appropriate for the district court to consider in imposing the revocation sentence. 18 U.S.C. § 3583(e) (identifying 18 U.S.C. § 3553(a) factors to be considered). This court must give due deference to the district court's decision and thus declines to reweigh the factors. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Though the district court simply noted that Torres had "twice had her terms of supervised release revoked for committing additional crimes" and stated that "nothing short of incarceration deters . . . Torres from committing additional crimes," the court was aware of Torres's full history and characteristics. At the revocation hearing, the court heard from Torres and her attorney about her current employment, living situation, and financial and family obligations. Moreover, the same district judge who presided over the instant revocation also presided over Torres's two prior supervised release revocations.

Finally, Torres's 30-month revocation sentence is below the statutory maximum term of imprisonment of five years. *See* 18 U.S.C. § 3559(a)(1); 18 U.S.C. § 3583(e)(3); 21 U.S.C. § 841(a)(1), (b)(1)(A). This court has routinely

No. 18-11244

upheld revocation sentences exceeding the policy statement range, but not the statutory maximum, against challenges that the sentences were substantively unreasonable. *Warren*, 720 F.3d at 332. Under the totality of the circumstances, the district court did not abuse its discretion in imposing Torres's revocation sentence. *See id.*

The judgment of the district court is AFFIRMED.